OPINION OF THE COURT
Joseph P. Kuszynski, J.
Petitioners, Angelo R. Cassaro and Eugene Cassaro, seek the dissolution of West Mead Contracting Corporation and Lebis Enterprises, Inc., pursuant to the provisions of section 1104 of the Business Corporation Law. Anthony Bodami, Jr., hereinafter Bodami, who claims to be the sole stockholder, sole director and sole officer of the respondent corporations moves to *1097 dismiss the petition pursuant to CPLR 3211 (subd [a], pars 1, 2, 3, 5, 7) on the grounds that the court has no jurisdiction and that the petitioners fail to state a cause of action.
The threshold question before this court is whether a proceeding pursuant to section 1104 of the Business Corporation Law is broad enough in scope to permit a determination of the various factual issues involved in the dispute among the parties.
Petitioners contend that in January, 1975, after a number of discussions an arrangement was made with Bodami to the effect the two corporations named above would be formed under New York law for the purpose of engaging in the business of installation of sewer and water lines. Petitioners allege a "substantive agreement” was reached providing that the share ownership in the two corporations would be equally divided among Angelo Cassaro, Eugene Cassaro and Anthony Bodami, Jr., each to own 3316% of the issued and outstanding stock.
The petition also recites that Bodami had retained Lawrence Hankin, Esq., as attorney to incorporate and to maintain the minute books and records. The Cassaros maintain they had been informed on numerous occasions that the incorporation papers were prepared and each owned a one-third equity interest in the corporations. The petition further states that in October, 1977 after petitioners demanded inspection of the corporate books and records pursuant to section 623 of the Business Corporation Law, they were informed by Mr. Hankin that they did not own shares in the corporations.
Bodami in his answering affirmation declares he is the sole officer and director of Lebis Enterprises, Inc., and also of West Mead Contracting Corporation and denies that either of the Cassaros ever paid cash consideration for the issuance of stock or that any agreement was ever reached amongst the parties touching upon the issuance of stock in any corporation to the petitioners.
Petitioners’ affidavit dated February 23, 1978 recites that "On January 11, 1978 your deponents commenced an action, in New York State Supreme Court against Lawrence M. Hankin, Esq. on the grounds of intentional tort, willful knowing misrepresentation and fraud arising from these and other representations made by him relating to petitioners’ ownership interest in the two respondent corporations”.
Section 1104 of the Business Corporation Law is designed to *1098 provide a base for intracorporate litigation instituted by "[H]olders of one-half of all outstanding shares of [the corporations] entitled to vote in an election of directors”. Minimally, there must be determination of the status of the petitioners with respect to the ownership of stock before issues concerning dissolution can be considered under this section. (See Matter of Three Hundred Fifty West Forty-Sixth St. v Marbo, 20 AD2d 685.)
An action for declaratory judgment is the more likely vehicle for an adjudication of the rights to property involving the determination of ownership of stock. (3 Weinstein-KornMiller, NY Civ Prac, pars 3001.06c, 3001.06e.) While courts may consider actions seeking coercive relief as actions for declaratory judgments, such cases mainly involve improperly brought article 78 proceedings. (3 Weinstein-Korn-Miller, NY Civ Prac, par 3001.12.) In this connection it is pertinent to note that article 78 proceedings allow for a broader scope of judgment inquiry than suits under section 1104 of the Business Corporation Law.
A prefatory hearing adjunct to section 1104 of the Business Corporation Law proceedings does not permit the proper scope of inquiry needed to determine petitioners’ rights. Especially so, in light of the pending collateral lawsuit involving charges of fraud and active misconduct on part of the attorney.
It is concluded that a proceeding under section 1104 of the Business Corporation Law has a limited base which does not allow for the determination of the complex questions raised by the petition before this court. Therefore, respondents’ motion under CPLR 3211 is granted. Petitioners’ cross motion is denied without prejudice as being premature.